**Betty WALTERS, Executrix of the Estate of Michael Flynn, Plaintiff-Appellant,**

v.

**REPUBLIC NATIONAL LIFE INSURANCE COMPANY, a corporation, Defendant and Third-Party Plaintiff-Respondent,**

v.

**James J. FLYNN, Third-Party Defendant-Respondent.**

**No. 34685.**

Missouri Court of Appeals, St. Louis District, Division Two.

Feb. 6, 1973.

Vatterott, Shaffar & Dolan, St. Ann, for plaintiff-appellant.

Armstrong, Teasdale, Kramer & Vaughan, J. C. Ambrister, St. Louis, for defendant third-party plaintiff-respondent.

Anderson, Gilbert, Wolfort, Allen & Bierman, Stuart M. Haw, Jr., St. Louis, for third-party defendant.

SMITH, Presiding Judge.

This matter reaches us on appeal from the action of the trial court in sustaining defendant's motion for summary judgment against plaintiff.

Plaintiff's petition alleged that her decedent was covered by a policy of life insurance issued by defendant in the amount of $7500. The life insurance was provided through the Teamsters Union as part of decedent's union contract. Following decedent's death, plaintiff as executrix filed a claim with defendant for the face amount of the policy. Defendant refused payment contending it had already paid the face amount to James Flynn and Northland Mortuary. Defendant's original position, as set forth in a letter to plaintiff's attorney, was that this payment was made under the facility of payment clause which applies where no beneficiary has been designated. Defendant specifically stated in that letter that the union records upon which it relied indicated there was no beneficiary designated. James Flynn was paid as the father of decedent, Michael Flynn. In fact, James Flynn is the uncle of Michael Flynn. In its answer and motion defendant took the position that James Flynn was the designated beneficiary by virtue of a union enrollment card which contained the notation "Benef. James Flynn." This card was unsigned; the preparer was unidentified; whether the beneficiary referred to was for pension benefits or insurance benefits or both or neither was not established; it bore a date (unexplained) eleven years prior to the first year of defendant's coverage; and it was found only in the union files not in the records of the insurance company. The enrollment card is filled out when the man joins the union but there is no evidence when Michael Flynn joined the union. The union has cards available for the designation of insurance beneficiaries but Michael Flynn never executed or signed such a card. When executed these cards are sent to defendant. There were no records of a designated beneficiary at the defendant's home office. The claim form upon which the defendant made payment was signed by the secretary of the union.[1] The payment to Northland Mortuary was made on the basis of an assignment by James Flynn to the Mortuary.

The insurance policy contained the following provision:

"Payment of Insurance

"Subject to due proof of death, any sum becoming due on account of the death by an Insured shall be payable to the beneficiary or beneficiaries *designated by the Insured and filed at the Home Office of the Company;* . . . If no designated beneficiary survives the Insured, or if no beneficiary shall have been named, the insurance *shall be paid to the executors or administrators of the Insured except* that the Company may in such case, at its option, pay such insurance to the wife or husband, if living; if not living, to the children who survive such Insured, equally; if none survive, to either *the father or the mother* or to both, equally, if both survive." (Emphasis supplied).

Of those listed in this facility of payment provision only the executrix and father are available. Following the filing of plaintiff's petition, in which she sought payment of the face amount either to herself as executrix or to decedent's father, defendant filed two third party petitions directed respectively against James Flynn and Northland Mortuary. Defendant prayed that if plaintiff was successful in recovering judgment against defendant, that defendant have judgment against each third party defendant for the amount it had paid each. These petitions were based upon allegations that Flynn and Northland submitted claims to defendant through the union and defendant paid the claims. Each third party defendant filed an answer

1. Actually by his secretary who had authority to sign his name.

denying that he (it) had been improperly paid under the policy. Third party defendant Flynn also interposed an affirmative defense that defendant had led him to believe he was entitled to receive the insurance proceeds. With great candor he alleged that in reliance upon defendant's actions he had expended the money in "high living and gambling" and has neither the money nor anything to show for it.[2] The above facts appeared from the pleadings, interrogatories, depositions, exhibits and affidavits.

Following the interrogatories and depositions, plaintiff filed her motion for summary judgment against defendant. Defendant cross-filed a motion for summary judgment against plaintiff. Flynn, not to be outdone, filed a "cross-motion for summary judgment against the plaintiff[3] and therefore in his favor against third party plaintiff." Northland Mortuary filed no motion. The court granted Flynn's motion against plaintiff and therefore against third party plaintiff; granted defendant's motion against plaintiff; and denied plaintiff's motion. Plaintiff appealed from the order granting defendant's motion, but not from the order denying her own. No other appeals were taken.

A summary judgment may be granted only where the record shows that there is no genuine issue of material fact and movant is entitled to judgment as a matter of law. Citizen's State Bank of Nevada v. Wales, Mo.App., 469 S.W.2d 750 [3].

Were we dealing with a summary judgment in plaintiff's favor it would be difficult to find material facts in dispute which might preclude plaintiff from recovery. With a judgment for defendant the task is considerably simplified. There are two, and only two, bases upon which defendant's payment to Flynn and Northland can furnish a defense to plaintiff's action under the pleadings. One is if Flynn is a designated beneficiary; two is, if he is not, is he an eligible payee under the facility of payment clause. As to the latter, the answer is clear, he is not. There is no dispute that he is the decedent's uncle, and uncles are not permissible payees under that clause of the defendant's policy.

As to the first basis, it also appears that Flynn is not a designated beneficiary. Defendant's policy, which it wrote and by which it is bound, provides that payment shall be made to "the beneficiary . . . designated by the Insured and filed at the Home Office of the Company." It is highly questionable on the materials in this record that James Flynn was designated by the Insured as a beneficiary of this policy and it is admitted that such designation, if such it was, was not on file with the home office. It is clear that defendant was not entitled to a judgment as a matter of law and the court erred in granting such judgment.

The order granting defendant's motion for summary judgment against plaintiff and the judgment entered thereunder is reversed and the cause remanded for further proceedings.

SIMEONE and KELLY, JJ., and WILLIAM M. TURPIN, Special Judge, concur.

---

2. Whatever the legal effect of this defense, its practical effect can hardly be disputed.

3. As between plaintiff and Flynn nothing was pending.